UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00205-RJC
(3:06-cr-00194-RJC-1)

| | |
|---|---|
| DEVON RAYMUS STURDIVANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be dismissed as successive.

I.   BACKGROUND

Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Petitioner was sentenced to a term of 262-months' imprisonment, and his judgment was affirmed on appeal. United States v. Sturdivant, 319 F. App'x 234 (4th Cir. 2009) (unpublished). After his appeal was affirmed, Petitioner filed a § 2255 motion to vacate which was dismissed as untimely. Sturdivant v. United States, No. 3:11-cv-00161-RJC (W.D.N.C. May 17, 2011). Petitioner then filed a second § 2255 that was dismissed as successive. Sturdivant v. United States, 3:12-cv-00496-RJC (W.D.N.C. Aug. 9, 2012).

1

Petitioner has now filed a third § 2255 motion in which he argues that he is entitled to relief based on the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has not shown that he has obtained the necessary authorization from the Fourth Circuit to file a successive petition. Accordingly, this third petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or

successive petition "in the first place."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED as successive**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Further, the Court finds that Petitioner has failed to demonstrate that the dispositive procedural rulings are debatable. See Slack, supra. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

The Clerk is directed to close this case.

**SO ORDERED**.

Signed: May 9, 2016

_____
Robert J. Conrad, Jr.
United States District Judge